Paul R. Kiesel, Esq. (SBN 119854)
Helen Zukin, Esq. (SBN 117933)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile : (310) 854-0812

Attorneys for Plaintiff
MARY THOMPSON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY THOMPSON, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>ZIMMER, INC., a Delaware Corporation; ZIMMER-COOK ASSOCIATES, a California Corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | **CASE NO. 2:10-cv-08089-PSG -JEM**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Philip S. Gutierrez<br>Date: December 13, 2010<br>Time: 1:30 p.m.<br>Place: Courtroom 880<br><br>[*Filed concurrently with Declaration of Helen Zukin in Support of Plaintiff's Motion to Remand; and Proposed Order Granting Plaintiff's Motion to Remand*] |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  NOTICE IS HEREBY GIVEN that on December 13, 2010, at 1:30 p.m., or as soon thereafter as the matter may be heard, Plaintiff Mary Thompson will and hereby does move the Court for an order remanding this action to the Superior Court of California for the County of Los Angeles.  This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on November 3, 2010.  (Zukin Decl. ¶3).

This motion is based upon this Notice, the attached Memorandum of Points and Authorities, Declaration of Helen Zukin, Esq., the pleadings in this action, and such other evidence and oral argument as the Court may allow.

This case should be remanded because the District Court lacks subject matter jurisdiction over this matter.  This case presents no federal question, nor is there complete diversity between the parties.  Defendant Zimmer, Inc. bases its removal solely on an allegation that Zimmer-Cook Associates was fraudulently joined in this action.  Because the Complaint states cognizable claims against Defendant Zimmer-Cook Associates, it is a proper defendant in this matter.  Thus, Zimmer-Cook Associates' California citizenship defeats complete diversity in this case.

Respectfully submitted,

DATED: November 5, 2010  KIESEL BOUCHER LARSON LLP

By: */s/ – Helen Zukin*
Paul R. Kiesel, Esq.
Helen Zukin, Esq.

Attorneys for Plaintiff Mary Thompson

-2-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 29, 2010, Plaintiff Mary Thompson filed this personal injury action in the Superior Court of California for the County of Los Angeles against Zimmer, Inc. (hereinafter "Zimmer") and Zimmer-Cook Associates (hereinafter "Zimmer-Cook"). (Zukin Decl. at ¶2). Plaintiff's injuries were caused by the defective Durom Acetabular Cup Component ("Durom Cup") implanted as part of her total hip replacement surgery. (Complaint at ¶1). Due to the defective condition of the product, Plaintiff suffered serious complications. She was forced to undergo a painful second revision surgery to remove the device and implant a replacement.

The Durom Cup was manufactured by Defendant Zimmer and, as Defendants admit, distributed in California by Zimmer-Cook. Defendants argue only that Zimmer-Cook has a purported defense to Plaintiff's valid cause of action but have failed to meet their burden to prove Plaintiff has "no possibility" of establishing a cause of action against Zimmer-Cook. As a result, there is no complete diversity and the action should be remanded for lack of subject matter jurisdiction.

## II. ARGUMENT

**A.  Legal Standard**

Complete diversity of citizenship among the parties is a prerequisite to removal under 28 U.S.C. § 1332. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). This case does not satisfy this jurisdictional requirement because Plaintiff and Defendant Zimmer-Cook are both California citizens. Additionally, the implantation of the product and resulting injuries occurred within California. Correspondingly, removal also fails because Defendant Zimmer-Cook is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Thus, Zimmer-Cook's California citizenship defeats removal unless Defendants prove Zimmer-Cook was joined for the *sole purpose* of avoiding federal diversity jurisdiction.

"There is a presumption against finding fraudulent joinder" and Defendants carry "a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.* 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001); *See also*, *Holcomb v. Bingham Toyota*, 871 F.2d 109, 110 (9th Cir. 1989) (the party seeking removal has the burden of establishing federal jurisdiction); *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (there is a "strong presumption against removal jurisdiction"). Defendants must prove an *obvious* failure to state a cause of action under the settled rules of the state. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). So long as there is *any* possibility that a plaintiff may prevail on the cause of action against the in-state defendant, courts should deny claims of fraudulent joinder. *Plute, supra,* at 1012.

Moreover, "all disputed questions of fact and all ambiguities in the controlling state law," as well as doubts concerning the sufficiency of the cause of action due to inartful, ambiguous, or technically defective pleading, must be resolved in favor of remand. *Id.* at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). In analyzing the Complaint, courts must interpret general allegations to "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994); *see Little v. Purdue Pharma, LP*, 227 F.Supp.2d 838, 847, n. 12 (S.D. Ohio 2002) ("in light of the heavy burden on defendants to show the non-diverse defendants were fraudulently joined . . . finding of fraudulent joinder should not be based on factual deficiencies within the pleadings which are correctable by amendment").

In sum, all doubts, disputed questions of fact, and ambiguities in state law must be resolved in favor of the non-moving party. *Plute, supra,* at 1005.

**B.   Defendant Zimmer's Notice of Removal is procedurally defective.**

The removing party must strictly comply with the removal statute. Any doubts about the right to remove are resolved against removal. The removing party has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 567

(9th Cir. 1992). In this case, Zimmer has failed to strictly comply with the requirements of 28 U.S.C. § 1446. Specifically, Zimmer-Cook has not properly joined Zimmer's notice of removal. 28 U.S.C. § 1446(b); *Parrino v. FHP, Inc.,* 146 F.3d 699, 704 (9th Cir. 1998).

Zimmer-Cook was served the Complaint on October 6, 2010, but has yet to properly join or consent to Zimmer's removal. Such joinder must occur within 30 days of service of the Complaint (November 5, 2010). *Id.* "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999) superseded by statute on other grounds as stated in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). To be sure, Zimmer's Notice of Removal was signed by counsel for both Defendants. However, "[w]hile shared counsel may justify allowances such as crediting a statement of unanimous consent by all defendants, the mere fact that parties share counsel does not create an exception to the unanimity rule." *Maddox v. Delta Airlines, Inc., et al.,* 2010 U.S. Dist. LEXIS 104003, *16 (N.D. Ok. Sept. 29, 2010). Rather, the notice of removal must contain an unambiguous statement of each represented defendant's consent. *Id.* at *15-16.

Standing alone, the signature of shared counsel is not enough to manifest Zimmer-Cook's unambiguous joinder in Zimmer's Notice of Removal. The removal was brought specifically by Zimmer without reference to Zimmer-Cook's joinder or consent. (Notice of Removal at 1:20-21). "Although it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements cannot be overlooked." *Gallo v. Bayer Corp., et al.,* C.D. Cal. Case No. 3:09-cv-20136-DRH-PMF, Doc. 30 at 2, citing *Leuzzi v. Dollar Tree Stores, Inc.,* 2005 WL 2972982. *2 (E.D. Pa. Nov. 4, 2005).

///

-3-

### C. There is no federal diversity jurisdiction because Zimmer-Cook, a properly joined defendant, is a California citizen.

Per 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed a citizen of any state by which it has been incorporated AND of the state where it has its principal place of business." As such, diversity exists only if no opposing party is a citizen of either state. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.* 465 F.2d 489, 491-492 (9th Cir. 1973).

For diversity purposes, Zimmer-Cook's California citizenship is undisputed. Nonetheless, Defendants argue Zimmer-Cook's citizenship should be disregarded because (1) Zimmer-Cook submitted a self-serving declaration that it did not market Durom Cups in the Los Angeles area; and (2) Plaintiff did not specifically allege any wrongdoing on the part of Zimmer-Cook. As discussed below, Defendants' reasoning has no merit.

### D. Zimmer-Cook is a legitimate distributor defendant under well-settled California products liability law.

Plaintiff states a viable claim against Zimmer-Cook because California law permits strict liability actions against distributors of defective products. *Bostick v. Flex Equipment Co., Inc.,* 147 Cal.App.4th 80, 88 (2d Dist. 2007). In a failed attempt to avoid liability Defendants label Zimmer-Cook a "service provider." (Notice of Removal, ¶23). However, Zimmer-Cook admits to facilitating the distribution of the Durom Cup in California. (Cook Decl., ¶¶3, 16). More importantly, Zimmer-Cook admits its representatives are sometimes present at surgery to deliver the devices. (Cook Decl., ¶13). While Defendants dispute Plaintiff's allegations that Zimmer-Cook made representations regarding the safety and efficacy of the Durom Cup, all disputed issues of fact must be resolved in favor of remand. *McCabe*, 811 F.2d at 1339; Cook Decl., ¶13-14; *see, inter alia*, Complaint ¶¶20, 26, 40. Plaintiff asserts a viable claim based on good faith allegations against Zimmer-Cook.

1. <u>California law applies strict liability principles to distributors of defective products</u>.

The Supreme Court of California, in *Vandermark v. Ford*, 61 Cal.2d 256, 262 (1964), applied strict liability principles to retailers "engaged in distributing goods to the public." The court found distributors to be "an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products." *Id.* From a public policy standpoint, applying strict liability "serves as an added incentive to safety" because distributors "may play a substantial part in insuring that the product is safe or may be in a position to exert pressure on the manufacturer." *Id.* at 262-63. To that end, "strict liability on the manufacturer and [distributor] alike affords maximum protection to the injured plaintiff and works no injustice to the defendants." *Id.* Such an added safety measure may prove critical where, as here, a defective product could result in serious pain and suffering.

Numerous California courts have joined in *Vandermark*'s reasoning. See *e.g. Anderson v. Owens-Corning Fiberglass Corp.,* 53 Cal.3d 987, 994 (1991) (extended strict liability for failure to warn to distributors of defective product); *Jimenez v. Superior Court*, 29 Cal.4th 473, 477-78 (2002) (distributors and suppliers strictly liable for injuries caused by defective products); *Cronin v. J.B.E. Olson Corp.*, 8 Cal.3d 121, 130 (1972) (citing *Vandermark*); *Bostick,* 147 Cal.App.4th at 94 (plaintiff not required to prove negligence of distributor because strict liability applies). Federal courts applying California law also hold distributors strictly liable for defective products and failure to warn, even in the context of medical devices, and have remanded similar cases against Zimmer-Cook. *See Milla, et al. v. Zimmer, Inc., et al.,* C.D. Cal. Case No. 09-cv-6432, Doc. 24 (Nov. 4, 2009); *Lyles v. Zimmer, Inc., et al.,* E.D. Cal. Case No. 09-cv-0479, Doc. 15 (May 29, 2009); *Hinds v. Zimmer, Inc., et al.,* E.D. Cal. Case No. 09-cv-0442, Doc. 16 (June 1, 2009); *Rickman v. Zimmer US, Inc., et al.,* W.D. Tex. Case No. A-08-CA-860-LY (May 21, 2009);

(Zukin Decl., ¶¶4-7, Exhibits A-D).

2. <u>Zimmer-Cook is a proper defendant because allegations in the Complaint clearly and unambiguously connect Zimmer-Cook to Plaintiff's injuries.</u>

Defendants also half-heartedly attempt to attack the pleadings in this case. Defendants assert Plaintiff makes no specific allegations with regard to Zimmer-Cook's wrongdoing. (Notice of Removal, ¶25). To the contrary, the Complaint, particularly in light of California's liberal pleading standard, sufficiently alleges a connection between Zimmer-Cook's wrongful conduct and Plaintiff's injuries.

California operates under liberal pleading standards. A complaint must only contain "[a] statement of the facts constituting the cause of action, in ordinary and concise language." Cal. Civ. Pro. § 425.10(a)(1). This standard is met with general allegations of ultimate fact. *McKell v. Washington Mut., Inc.,* 142 Cal.App.4th 1457, 1469-1470 (2006). So long as the complaint apprises the defendant of the factual basis for the claim, the allegations are sufficient. *Id.* The Complaint in this case clearly meets the permissive pleading standard in California.

Although the full extent of Zimmer-Cook's involvement will be further illuminated as this litigation progresses, the Complaint provides a reasonable and adequate basis for establishing Zimmer-Cook's role in the chain of distribution of Plaintiff's Durom Cup. Specifically, Plaintiff alleges:

> At all relevant times, ZIMMER-COOK ASSOCITES sold, marketed, distributed and/or otherwise placed the Durom Cup into the stream of commerce."

(Complaint, ¶4).

Additionally, "ambiguity does not establish fraudulent joinder because any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand." *Blakely v. Bayer Corp.,* C.D. Cal. Case No. 2:09-cv-09420-PSG-RC, Doc. 44 at p.5 (March 10, 2010) citing *Plute*, 141 F.Supp. 2d at 1008. Notwithstanding, Plaintiff makes clear

-6-

1  throughout the Complaint that Zimmer-Cook engaged in wrongful conduct and
2  caused her injuries. (Complaint, ¶¶16-18, 20).  Plaintiff further alleges Zimmer-
3  Cook's wrongful acts and omissions proximately caused her injuries. (Complaint,
4  ¶¶22-23).  Taken together, it is clear Plaintiff has properly pled a cause of action
5  against Zimmer-Cook.

      3.    <u>Zimmer-Cook's self-serving declaration does not prove fraudulent joinder</u>.

8  Defendants rely almost exclusively on a declaration submitted by Gary Cook of
9  Zimmer-Cook.  The declaration admits to distributing Durom Cups in California, but
10 denies servicing Plaintiff's physician, Dr. Lawrence Dorr.  (Cook Decl. ¶16).  From
11 this, Mr. Cook concludes "neither Cook or any of its employees facilitated the sale of
12 Mary Thompson's Durom Cup." *Id.* at 17.  However, the fact that Zimmer-Cook
13 allegedly never contacted Dr. Dorr directly does not conclusively prove Zimmer-
14 Cook played absolutely no part in the chain of distribution to Dr. Dorr.  The fact that
15 Zimmer-Cook allegedly did not directly do business with Dr. Dorr does not prove
16 Plaintiff's Durom Cup did not come from Zimmer-Cook through an intermediary.
17 Furthermore, given Zimmer-Cook's role in marketing and promoting the
18 Durom Cup in California, it is disingenuous to say Zimmer-Cook did nothing to
19 facilitate the sale of Plaintiff's Durom Cup.  To wit, Zimmer-Cook marketed and
20 promoted the Durom Cup to physicians in California through various means,
21 including physician education seminars and promotional brochures.  (Zukin Decl.,
22 ¶¶8-10, Ex. E-G).  Moreover, Zimmer-Cook is so closely aligned with Zimmer's
23 interests that they share a company logo and appear to be one and the same company.
24 (Zukin Decl., ¶¶8,11, Ex. E, H).  For example, the title of Zimmer-Cook's homepage
25 is "Zimmer Distributor Home." *Id.* at ¶8, Ex. E.  The front page of Zimmer-Cook's
26 website links directly to Zimmer's website, showcases Zimmer's products, and
27 promotes Zimmer's physician training opportunities. *Id.* at ¶¶8-10, Ex. E-G.
28 Additionally, Gary Cook of Zimmer-Cook maintains his primary email address with

Zimmer, Inc. *Id.* at ¶12, Ex. I. By all appearances, Zimmer-Cook is the California marketing arm of Zimmer.

It is undisputed that Zimmer-Cook sold Durom Cups in California and marketed the Durom Cup to California physicians. Importantly, "all disputed questions of fact" must be decided in favor of remand. *Plute, supra,* at 1008. To that end, this case should be remanded so Plaintiff may conduct full discovery into the chain of distribution to prove Zimmer-Cook's involvement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court issue an order remanding this case to the Superior Court of California for the County of Los Angeles.

Respectfully submitted,

DATED: November 5, 2010           KIESEL BOUCHER LARSON LLP


By: */s/ – Helen Zukin*
Paul R. Kiesel, Esq.
Helen Zukin, Esq.

Attorneys for Plaintiff Mary Thompson

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF